UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA BARNES,

        Petitioner,

                                    CIVIL NO. 2:10-CV-13112
v.                             HONORABLE GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT COURT

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Sonya Barnes, ("Petitioner"), presently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed *pro se*, petitioner challenges her conviction for second-degree murder, M.C.L.A. 750.317. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

## I. Background

Petitioner was originally charged with first-degree premeditated murder for stabbing her husband to death in Detroit, Michigan on September 21, 2007. Following a bench trial in the Wayne County Circuit Court, petitioner was found guilty of the lesser offense of second-degree murder. Petitioner's conviction was affirmed on appeal. *People v. Barnes,* No. 284886 (Mich.Ct.App. May 5, 2009);

1

*lv. den.* 484 Mich. 873 (2009).

Petitioner seeks a writ of habeas corpus on the following ground:

Whether petitioner was denied the constitutional right to effective assistance of counsel where trial counsel failed to move to suppress or otherwise object to the introduction of the complainant's alleged dying declaration based upon a violation of the Confrontation Clause where the omission and error was so substantial a reasonable probability exists that the outcome would have been different.

## II. Standard of review

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the merits
in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be

2

"unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *See also*

3

*Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim); *Love v. Butler,* 952 F. 2d 10, 13-15 (1st Cir. 1991)(affirming the summary dismissal of a state prisoner's § 2254 habeas petition pursuant to Rule 4, where the ineffective assistance of counsel claims were without merit).

### III.  Discussion

Petitioner claims that counsel was ineffective for failing to object to the admission of an audiotape of a 911 emergency call for help made by petitioner's husband moments after the stabbing, in which he told the 911 operator that he had been stabbed by his wife and that she was still present in the room just standing there and looking over him.  After petitioner's husband stated that he was dying, the phone line went dead.  Petitioner claims that the admission of her husband's dying declaration to the 911 operator violated her Sixth Amendment right to confrontation, thus, counsel was ineffective for failing to object to its admission at petitioner's trial.

> The Michigan Court of Appeals rejected petitioner's claim:
>
> Contrary to defendant's argument on appeal, trial counsel was not ineffective for failing to move to suppress the tape of the decedent's 911 call on the basis of the Confrontation Clause.  Any motion would have been futile.  The statements were not testimonial, inasmuch as the primary purpose was to enable police assistance to meet an ongoing emergency. *Davis v. Washington*, 547 U.S. 813, 822; 126 S. Ct. 2266; 165 L. Ed. 2d 224 (2006).  Moreover, even if the statements

4

> to the 911 operator could be deemed "testimonial," they qualify as dying declarations, which "are an historical exception to the Confrontation Clause under Crawford." *People v. Taylor*, 275 Mich.App 177, 183; 737 NW 2d 790 (2007). Counsel is not ineffective for failing to bring a futile motion. *People v. Flowers*, 222 Mich.App 732, 737-738; 565 NW2d 12 (1997).
>
> *People v. Barnes,* Slip. Op. at * 1.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a habeas petitioner must identify those acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance on the part of counsel. *See Gardner v. Kapture*, 261 F. Supp. 2d 793, 803-04 (E.D. Mich. 2003)(*quoting Strickland,* 466 U.S. at 690). A reviewing court's scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689. Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at

690.

To satisfy the prejudice prong under *Strickland*, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gardner,* 261 F. Supp. 2d at 804 (*quoting Strickland,* 466 U.S. at 694). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *See Crawford v. Washington,* 541 U.S. 36 (2004). The Supreme Court, however, indicated that dying declarations may be an historical exception to the rule against the admission of hearsay testimony:

> The one deviation we have found involves dying declarations. The existence of that exception as a general rule of criminal hearsay law cannot be disputed.... Although many dying declarations may not be testimonial, there is authority for admitting even those that clearly are. We need not decide in this case whether the Sixth Amendment incorporates an exception for testimonial dying declarations. If this exception must be accepted on historical grounds, it is *sui generis*. *Id.* at 56 n. 6.

The Supreme Court has recently reiterated its recognition of this long-standing exception to the exclusion of testimonial dying declaration statements in *Giles v. California*,128 S.Ct. 2678, 2682-83 (2008)("We have

6

previously acknowledged that two forms of testimonial statements were admitted at common law even though they were unconfronted. The first of these were declarations made by a speaker who was both on the brink of death and aware that he was dying." (internal citation omitted). Prior to *Crawford,* the United States Supreme Court had likewise determined that the admission of a dying declaration does not violate a criminal defendant's right to confrontation. *See Pointer v. Texas,* 380 U.S. 400, 407 (1965)(dying declarations are admissible against an accused); *Mattox v. United States*, 146 U.S. 140, 151-52 (1892)(same). Because "[T]he hearsay exception for dying declarations has been recognized by the Supreme Court since at least 1892[.]" the admission of the victim's dying declaration did not violate petitioner's rights under the Confrontation Clause. *See Byrd v. Collins,* 209 F.3d 486, 528 (6th Cir. 2000).

Petitioner's Confrontation Clause claim also fails because the victim's dying declaration was nontestimonial, in that the primary purpose of his call to 911 was to summon emergency assistance. The Confrontation Clause is not implicated, and thus does not need not be considered, when nontestimonial hearsay is at issue. *See Davis v. Washington*, 547 U. S. 813, 823-26 (2006); *See also Desai v. Booker,* 538 F.3d 424, 425-26 (6th Cir. 2008). In *Davis,* the Supreme Court ruled that statements taken by police officers during the course of police questioning are considered "nontestimonial," and not subject to the Confrontation Clause, when they are made "under circumstances objectively

7

indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Id.* at 822. By contrast, statements are considered testimonial "when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* In *Davis,* the Supreme Court held that statements made by a domestic abuse victim in response to a 911 operator's questions while the defendant was inside her home in violation of a no-contact order, in which the victim identified her assailant, were not "testimonial" and, therefore, were not subject to Confrontation Clause, because the victim was speaking about events as they were actually happening, rather than describing past events, and the primary purpose of the 911 operator's interrogation was to enable police assistance to meet an ongoing emergency caused by a physical threat to the victim. *Id.* at pp. 826-28. In so ruling, the Supreme Court noted "[A] 911 call....and at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to "establis[h] or prov[e]" some past fact, but to describe current circumstances requiring police assistance." *Id.* at p. 827.

The victim's 911 call to the police, in which he identified petitioner as his assailant, was nontestimonial, because the victim was primarily describing events as they were happening and was made for the primary purpose of enabling police assistance to handle an emergency situation as it was still

happening. The admission of the 911 tape did not violate petitioner's Confrontation Clause rights.

Because the victim's 911 call for help did not violate the Confrontation Clause, counsel was not ineffective for failing to object to its admission on this basis. *See e.g. U.S. v. Johnson,* 581 F. 3d 320, 328 (6th Cir. 2009); *cert. den.*--- S. Ct. ----, No.2010 WL 390742 (U.S. June 14, 2010). The Michigan Court of Appeals' rejection of petitioner's ineffective assistance of counsel claim was a reasonable application of *Strickland.* Petitioner is not entitled to habeas relief on her claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* "The

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that she should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: August 16, 2010

                                                  S/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk